IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **WHITESIDE MFG. CO.,** 309 Hayes Street P.O. Box 322 Delaware, Ohio 43015 | ) ) ) ) ) | Case No.: 2:12-cv-293 |
| Plaintiff, v. | ) ) ) | Judge: |
| **FASTENAL COMPANY,** 2001 Theurer Boulevard Winona, Minnesota 55987 | ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes Plaintiff, Whiteside Mfg. Co. ("Whiteside"), and for its Complaint against Fastenal Company ("Fastenal") states as follows:

### PARTIES

1. Whiteside is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 309 Hayes Street, Delaware, Ohio 43015.

2. Upon information and belief, Fastenal is a corporation of the State of Minnesota, having a principal place of business at 2001 Theurer Boulevard, Winona, Minnesota 55987.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, specifically the Patent Act of 1952, 35 U.S.C. §1 *et seq*. Subject matter jurisdiction is founded under 28 U.S.C. §1331, §1338(a) and 35 U.S.C. §281.

4. This Court has personal jurisdiction over Fastenal because Fastenal has transacted business within this district and, upon information and belief, has caused tortious injury to Whiteside by the acts complained of herein within this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Fastenal has committed acts of infringement and has a regular and established place of business in this district at 1150 A Alum Creek Drive, Columbus, Ohio 43209.  In addition, venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Fastenal resides within the Southern District of Ohio as residence is defined in 28 U.S.C. §1391(c).

## FACTS COMMON TO ALL COUNTS

6. U.S. Patent No. 7,712,750, entitled "Upholstered Creeper" ("the '750 patent"), duly and legally issued on May 11, 2010 to Whiteside as its assignee.  A true and correct copy of the '750 patent is attached hereto as Exhibit 1.

7. U.S. No. D576, 374, entitled "Creeper" ("the '374 patent"), duly and legally issued on September 2, 2008 to Whiteside as its assignee.  A true and correct copy of the '374 patent is attached hereto as Exhibit 2.

8. Whiteside has manufactured and/or caused to be manufactured creepers in accordance with the '750 and '374 patents, and has sold those creepers throughout the United States. Whiteside has duly marked such creepers with the '750 patent number.  Those creepers have been made and sold under the name "Racing Creeper," and are identified by the part number RC1000.  A photograph of Whiteside's Racing Creeper is attached as Exhibit 3.

9. Recently, without the consent of Whiteside and disregarding its rights, Fastenal has made, used, sold, and/or offered to sell within this district and elsewhere within the United States, and/or imported into the United States, upholstered creepers of the type shown in Exhibit 4, under the name "Fastenal Racing" or otherwise (the "Accused Products").

10. Without the consent of Whiteside, and in disregard of its rights, Fastenal has induced others to make, use, sell or offer to sell the Accused Products within this district and elsewhere within the United States, including at least having induced the purchasers of the Accused Products to use them.

## INFRINGEMENTS OF PATENT 7,712,750

11. Whiteside restates and incorporates herein by reference the allegations set forth in paragraphs 1-10, above.

12. The Accused Products infringe at least claims 1, 2, 3, 5 and 6 of the '750 patent, as apparent from the photograph of Exhibit 4 and the illustration of attached Exhibit 5, depicting the inner structure of the Accused Products, which is encompassed by a cover having a plurality of openings therein for the receipt of a plurality of caster assemblies secured to the caster plates of the inner frame.

13. By its conduct as alleged above, Fastenal has infringed the '750 patent in violation of 35 U.S.C. §271(a).

14. By its conduct as alleged above, Fastenal has actively induced others to infringe the '750 patent in violation of 35 U.S.C. §271(b).

15. By Fastenal's conduct as alleged above, Whiteside has been damaged.

16. Whiteside is without an adequate remedy as to the unlawful acts of Fastenal unless the continuance of the infringement is enjoined by this Court.

## COUNT II INFRINGEMENT OF U.S. PATENT D576,374

17. Fastenal incorporates herein by reference the allegations set forth in paragraphs 1-16, above.

18. The Accused Products infringe the claim of the '374 design patent in that the accused products embody the ornamental design of the creeper shown and claimed in the '374 patent, as apparent from a comparison of the Accused Product as shown in Exhibit 4 with the design of Exhibit 2, and particularly when considered in light of the prosecution history of the '374 patent and the closest prior art presented therein.

19. By its conduct as alleged above, Fastenal has infringed the '374 patent in violation of 35 U.S.C. §271(a).

20. By its conduct as alleged above, Fastenal has actively induced others to infringe the '374 patent in violation of 35 U.S.C. §271(b).

21. By Fastenal's conduct as alleged above, Whiteside has been damaged.

22. Whiteside is without an adequate remedy as to the unlawful acts of Fastenal unless the continuance of the infringement is enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Whiteside prays for judgment against Fastenal as follows:

(a) that Fastenal be adjudged to have infringed the '750 and '374 patents;

(b) that Fastenal be adjudged to have actively induced others to infringe the '750 and '374 patents;

(c) that Fastenal and those controlled by or in privity with Fastenal be preliminarily and permanently enjoined against further infringement of the '750 and '374 patents;

(d) that an accounting for profits and damages be ordered, or that Whiteside be awarded such compensatory damages in an amount adequate to compensate Whiteside for the infringement, but in no event less than a reasonable royalty;

(e) that Whiteside have and recover the costs of this action; and

(f) that Whiteside be awarded such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.

Respectfully submitted,

By: /s:/Ray L. Weber
Ray L. Weber         (0006497)
Laura J. Gentilcore    (0034702)
Renner, Kenner, Greive, Bobak, Taylor & Weber
106 S. Main Street
4th Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646